No. 18257. Industrial Commission of Ohio v. Mary B. Olinger.

For Filing Entry in this case, see 2 Abs. 3.

**1283. WORKMEN'S COMPENSATION.**

This action was originally brought in the Stark Common Pleas by Mrs. Olinger, who was the mother of Alvin F. Kane, who was injured in the course of his employment and subsequently died of his injuries. The jury returned a verdict for Mrs. Olinger. A motion for a new trial, made by the Commission, was overruled, and error was prosecuted to the Court of Appeals, which sustained the Common Pleas. The Commission then asked the Supreme Court that an order be made on the Court of Appeals of Stark County, that the record be certified in order that the judgment might be reviewed by it. This action

being taken by the defendant in the lower court, the position of the parties has become changed.

The question involved in the case requires an interpretation of 1463-82 GC. relative to the question of dependency.

Kane was an employe of the Ohio Power Company, and was injured April 18, 1922. At that time and for some time previous, as is set up by the Commission, he was residing with h's sister and paid his board. His mother was married and was residing with her husband and was being wholly supported by him. The son, at the time of his death, was not furnishing any money to his mother, either directly or indirectly, for her support or for any other purpose. Neither had he, at any time, so done. The mother says that she expected him to support her in her old age, which is the only basis for recovery and is the only evidence in the case. Upon this evidence, at the trial, the cause was submitted to the jury, under instruction by the trial court that plaintiff was entitled to recover from the Commission as a dependent within the meaning of the Compensation Law.

## OHIO JUDICIAL COUNCIL

Characterizing it as one of the most advance steps in judicial administration and legal reform, Chief Justice Marshall of the Ohio Supreme Court states that the Judicial Council will complete its organization by the selection of two more members at the midwinter session of the State Bar Association to be held in Columbus, Ohio, January 25 and 26. Judge Marshall is the President of the Council, ex-officio.

The Council will be composed of representatives of the bench and bar and is for the purpose of studying the organization, rules and methods of procedure and practice of the judicial system of the State of Ohio, and recording the work accomplished and results produced by that system and its various parts.

"The study of rules of practice and procedure and the problems now confronting those charged with the administration of justice," states Judge Marshall, "should lead to many reforms and correct many abuses which for many years have been the subject matter of criticism. The act, providing for the council, was introduced at the request of the Ohio State Bar Association and had the hearty support of the attorneys and judges of the state. It is hoped that through organization and unification the way can be paved for speedier justice, and a gradual elimination of many of the technicalities in the rules and principles of common law, which are relics of the feudal ages and wholly inconsonant with modern progressive spirit."